FILED

2004 JAN 12 · 2 · 2

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 2060 EAST MAIN ST., INC., ET AL | : | |
| Plaintiff | : | CASE NO. 3:03CV740(RNC) |
| vs. | : | |
| THE CITY OF BRIDGEPORT, CONNECTICUT | : | JANUARY 8, 2004 |
| Defendant | | |

### REPLY TO DEFENDANTS' OPPOSITION TO INTERVENTION OF JACK DEMPSEY'S, INC. AS A PARTY PLAINTIFF

The Defendants, by pleading dated December 22, 2003, objected to the motion of Jack Dempsey's, Inc. to intervene as a Party Plaintiff in the above captioned matter. The basis for this objection seems to be limited to two (2) basic concepts. One (1), Jack Dempsey's, Inc. failed to allege with sufficient specificity, its legal basis for seeking to intervene in this pending action and, two (2) that Jack Dempsey's, Inc. otherwise lacks standing to become a party to this case. Jack Dempsey's, Inc. will address each of these issues separately.

### RULE 24(b)(2) ALLOWS FOR INTERVENTION BASED UPON THE MOTION SUBMITTED BY THE APPLICANT JACK DEMPSEY'S, INC.

The Applicant, Jack Dempsey's, Inc., in its motion dated December 1, 2003, set forth facts which clearly indicated the nature of its present business and its desire to

change its present form of live entertainment to include the same type of dance performances sought by the Plaintiff, Teddie's, Inc. (adult entertainment facility, a definition of which was attached as Exhibits A & B of the Plaintiff's Complaint). Although the Applicant did not specifically state that its claim was predicated upon a denial of its First Amendment rights, pursuant to 42 U.S.C. Section 1983, it clearly incorporated, by reference, the legal allegations of the Plaintiffs in this action. The Applicant articulated in Paragraphs 4, 5, 6 and 7 of its motion that its cause of action was the same as that alleged by the existing Plaintiffs. However, to clarify this issue see attached Affidavit of Joseph Regensberger, the sole Stockholder and Permittee of the Applicant. It is, therefore, clear that the Applicant has the right to seek permissive intervention under Rule 24(b)(2) which allows such intervention when "an Applicants claim or defense in the main action have a question of law or fact in common". The Applicant respectfully contends that it has met its requirements under Rule 24 of the Federal Rules of Civil Procedure and that the Defendants' claims should be disregarded. The Applicant further alleges that so long as it has appropriate Article III standing, that it would have the right to commence its own separate cause of action, which it is prepared to do in the event that this motion is denied. Furthermore, several of the Defendants special affirmative defenses addressed to the existing Plaintiff's

Complaint, namely Special Affirmative Defense Fourth, Fifth and Sixth would have no applicability to the Applicant and, therefore, the existing case potentially would not protect the Applicant's interests and its continued desire to present nude or semi-nude dancing as a form of constitutionally protected entertainment. As a result, granting of the Applicant's Motion to Intervene, in addition to the facts and arguments presented herein, would further judicial economy in the adjudication of these important legal issues which are at stake in this case.

### THE APPLICANT, JACK DEMPSEY'S, INC., HAS ARTICLE III STANDING TO EITHER BECOME A PARTY TO THIS ACTION OR TO MAINTAIN AN ACTION IN ITS OWN RIGHT

The Applicant, Jack Dempsey's, Inc., must satisfy three (3) requirements to establish standing under Article III. See, e.g., Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81 (2000). First, it must demonstrate that it has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. Second, it must establish "causation – a 'fairly . . . trace[able]' connection between the alleged injury in fact and the alleged conduct of the defendant." Vermont Agency of Natural Res. v. U.S. ex rel. Stevens, 529 U.S. 765, 771 (2000). Third, it must demonstrate that it "is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Laidlaw Envts.

3

Servs., 528 U.S. at 180-81. "These requirements together constitute the 'irreducible constitutional minimum' of standing, which is an 'essential and unchanging part' of Article III's case-or-controversy requirement." Vermont Agency of Natural Resources, 529 U.S. at 771 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)).

The Applicant must establish, at an irreducible minimum, an injury in fact; that is must be "threatened or actual injury resulting from the punitively illegal action". Orth v. Seldin, 422 U.S. 490, 499 (1975). In recent years courts have found in "a number of cases that constitutional violations may arise from the deterrent or chilling effect of governmental regulations that fall short of the direct prohibition against the exercise of First Amendment rights". Laird v. Tatum, 408 U.S. 1, 11 (1972) (internal citations omitted).

In each of these cases, the challenged exercise of governmental power was regulatory, proscriptive, or compulsory in nature, and the complainant was either presently or **prospectively** subject to the regulations, proscriptions, or compulsions that he was challenging." Id. at 11-12. (emphasis added).1

Under the First Amendment, the fact that a plaintiff's speech has actually been chilled is sufficient to establish an injury in fact. Bordell v. General Electric Company,

---

1 Standing has been found where the complainant was *prospectively* subject to the unconstitutional regulations. Laird, 408 U.S. at 11-12. The term "prospective" is defined as "in the future; looking forward; contemplating the future." BLACK'S LAW DICTIONARY (6th ed. 1991).

922 F.2d 1057, 1060 (2nd Cir. 1991). Those rights guaranteed under the First and Fourteenth Amendments to the United States Constitution have always been held in high regard by the United States Supreme Court when there has been an infringement upon such rights by state officials.[2]

As a result, any denigration of these rights automatically rises to the level of irreparable injury.[3] Pursuant to facts contained in the Applicant's motion and Affidavit, its rights under the First and Fourteenth Amendments to the United States Constitution will be severely burdened and restricted as a result of the implementation of the challenged Zoning Ordinances referred to in the Plaintiff's Complaint, which equally apply to the Applicant as to its proposed entertainment use in the City of Bridgeport, Connecticut.

As a result of this situation, the aforementioned Bridgeport Ordinance has a severe impact upon the speech and conduct of the Applicant.

---

[2] See e.g., Twining v. New Jersey, 211 U.S. 78 (1908); Gitlow v. New York, 268 U.S. 652 (1925); Palko v. Connecticut, 302 U.S. 319 (1937); Cantwell v. Connecticut, 310 U.S. 296 (1940); Murdock v. Pennsylvania, 319 U.S. 105, 115 (1943); Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, 391 U.S. 308 (1968).

[3] Dombrowski v. Pfister, 380 U.S. 479, 485 (1965); Wolff v. Selective Service Local Board No. 16, 372 F.2d 817 (2d Cir. 1967); 414 Theater Corp. v. Murphy, 499 F.2d 1155, 1160 (2d Cir. 1974); Schnell v. City of Chicago, 407 F.2d 1084, 1086 (7th Cir. 1969).

SILVER & SILVER LLP • ATTORNEYS AT LAW
ONE LIBERTY SQUARE • NEW BRITAIN, CT 06051 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

In addition, a threat of specific *future* harm has been deemed a sufficient injury in fact. Id. at 1060-61 (*citing* Laird v. Tatum, 408 U.S. 1, 13-14 (1972)). "[L]itigants are permitted to challenge a statute not because their own rights of free expression are violated, but because of a judicial *prediction* or *assumption* that the statute's very existence *may* cause others not before the court to refrain from constitutionally protected expression." Virginia v. American Booksellers Association, 484 U.S. 383, 392 (1988) (emphasis added) (*quoting* Secretary of State of Maryland v. J.H. Munson Co., 467 U.S. 947, 956-57 (1984); Broadrick v. Oklahoma, 413 U.S. 601, 612 (1973)). Additionally, the Court in American Booksellers concluded:

> We are not troubled by the **pre-enforcement** nature of this suit. The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise. We conclude that plaintiffs have alleged an actual and well-founded fear that the law *will be* enforced against them. Further, the alleged danger of this statute is, in large measure, one of self-censorship; a harm that can be realized even without an actual prosecution.

Virginia v. American Booksellers Association, 484 U.S. 383, 392 (1988).4

---

4 *See*; Allno Enterprises, Inc. v. Baltimore County (10 Fed.Appx. 197, 201, 2001 WL 589423, 2 (4th Cir. Md.)) ("[I]t is clear that if we found the Ordinance unconstitutional, [plaintiff] would be free to peddle its wares ad infinitum outside to MH zone without fear of citation from the city"). *See also*; Leverett v. City of Pinellas Park, 775 F.2d 1536, 1539 (11th Cir. 1985)(plaintiff's 'direct, authentic and continuing interest' in offering nude dancing at plaintiff's nightclub led court to find that plaintiff's had standing to sue). *See also*; C.R. of Realto v. City of Realto, 964 F.Supp. 1401, 1406 (C.D. CA 1997)(plaintiff had standing to bring its challenge to an adult business zoning regulation.)

6

SILVER & SILVER LLP • ATTORNEYS AT LAW
ONE LIBERTY SQUARE • NEW BRITAIN, CT 06051 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

The Applicant has set forth, both in its motion and Affidavit, a threatened injury in fact sufficient to satisfy Article III standing. Although the Applicant is not yet presenting nude or semi-nude dancing (adult entertainment facility as defined under the Bridgeport Zoning Ordinance) it is an existing bar business in the City of Bridgeport and holds a Liquor License from the State of Connecticut Department of Consumer Protection and its proposed entertainment use is prohibited at its present location as a result of the regulations which are at issue in the existing Plaintiff's lawsuit. Furthermore, the Applicant does desire to use its present location for its proposed entertainment use which is contrary to the assertion by the Defendants. The Applicant alleged that it would only seek an alternative location in the event that this Court would find that it was unable to use its present location as a result of the Court's rejection of the constitutional claims that the locational restrictions of the Bridgeport Ordinance are in violation of the First Amendment to the United States Constitution. Even if the Court were to find that the locational restrictions were consistent with First Amendment principals (which the Applicant denies), the Applicant would still be subject to obtaining a Special Use Permit under Section 14-4 of the Bridgeport Zoning Ordinance. If it were to seek a new location this Section applies to all entertainment uses, not only those uses defined as an "adult entertainment facility" under the Bridgeport Zoning Regulations. As a result, the

SILVER & SILVER LLP • ATTORNEYS AT LAW
ONE LIBERTY SQUARE • NEW BRITAIN, CT 06051 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

Defendants reliance upon <u>Storino v. Borough of Point Pleasant Beach</u>, 322 F.3d 293 (3rd Cir. 2003) is misguided and is not applicable to the facts put forth in the Applicant's motion.

As a result, Jack Dempsey's, Inc., respectfully submits that it has Article III standing to be made a party to this action. The allegations in its motion clearly incorporate, by reference, the jurisdictional and other legal arguments set forth by the Plaintiffs in the pending case.

Respectfully submitted,<br>
Applicants for Intervention<br>
Jack Dempsey's, Inc.<br>
<br>
By _____<br>
Daniel A. Silver, Esq.<br>
Silver & Silver LLP<br>
One Liberty Square<br>
New Britain, CT 06051<br>
(860) 225-3518<br>
fed # ct 08183

SILVER & SILVER LLP • ATTORNEYS AT LAW
ONE LIBERTY SQUARE • NEW BRITAIN, CT 06051 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

## CERTIFICATION

Service certified to the following counsel of record this 8th day of January, 2004:

Barbara Brazzel-Massaro, Esq.
Office of the City Attorney
999 Broad Street, 2nd floor
Bridgeport, CT 06604

_____
Daniel A. Silver
Commissioner of the Superior Court

SILVER & SILVER LLP • ATTORNEYS AT LAW
ONE LIBERTY SQUARE • NEW BRITAIN, CT 06051 • (860) 225-3518 • FAX (860) 348-0612 • JURIS NO. 417231

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

2060 EAST MAIN ST., INC., ET AL

        Plaintiff
:   CASE NO. 3:03CV740(RNC)

vs.           :

THE CITY OF BRIDGEPORT,
CONNECTICUT           :  JANUARY 8, 2004
        Defendant

### AFFIDAVIT OF JOSEPH REGENSBERGER

I, JOSEPH REGENSBERGER, being duly sworn, depose and say:

1. I am over the age of eighteen (18) years and understand the obligation of an oath.

2. I am the sole Stockholder of the Applicant, Jack Dempsey's, Inc.

3. I am the Permittee, under a Liquor License for the business known as Jack Dempsey's, Inc., which is the Applicant in this matter.

4. The Applicant presently conducts a bar business located at 520 Success Avenue, Bridgeport, Connecticut.

5. The business known as Jack Dempsey's operates the bar business and also offers live entertainment to the public which is presently not defined as an "adult entertainment facility" under the Bridgeport Zoning Regulations. This entertainment includes disc jockeys and bands.

6. It is my intention to be able to offer, as entertainment, exotic dancers performing sexually expressive routines as characterized in the Plaintiff's Complaint as additional entertainment.

7. It is my intention to offer this form of entertainment at the existing premises at 520 Success Avenue, Bridgeport, Connecticut.

8. Table 7-2 of the Bridgeport Zoning Ordinance prohibits this type of entertainment use at 520 Success Avenue, Bridgeport, Connecticut due to the fact that such uses are limited to heavy industrial zones and, in addition, are subject to approval of a Special Permit by the Bridgeport Planning and Zoning Commission.

9. Except for existing locational restrictions for an "adult entertainment facility" and the requirement of obtaining a Special Permit from the Bridgeport Planning & Zoning Commission, Jack Dempsey's, Inc. is prepared to commence a presentation of its proposed new form of entertainment.

10. In the event that the pending Motion to Intervene is denied, Jack Dempsey's, Inc. is prepared to file its own action to contest the constitutionality of both the existing locational restrictions as well as the requirement for a Special Permit for the same reasons articulated by the Plaintiff's to the existing action.

_____
Joseph Regensberger

Subscribed and sworn to, before me, this 8th day of January, 2004.

_____
Alberto J. Ayala
Notary Public
My Commission Exp 4/30/08